UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TODD. D. SCHULER,

Plaintiff,

v.

SUPER VALU INC.,
a foreign corporation,

Defendant.

CIVIL NO. 01-1033 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on February 14, 2002, upon Defendant's Motion to Compel an Independent Medical Exam and to Recover Attorney's Fees and Costs [Docket No. 14 ].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Defendant's Motion to Compel an Independent Medical Exam [Docket No. 14] is granted. Plaintiff shall promptly submit to an Independent Medical Exam with Dr. Gary Johnson.

2. Defendant's Motion to Recover Attorney's Fees and Costs [Docket No. 14] is denied.

Dated: February 4, 2002

JOHN M. MASON
United States Magistrate Judge

FILED FEB 05 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## **Memorandum**

Plaintiff opposes the Motion to Compel an Independent Medical Exam on two grounds. First, it is urged that Plaintiff's medical condition is not placed in controversy. This argument is not well taken. See, e.g., Butler v. Burroughs Wellcome, Inc., 920 F.Supp.90, 91 (E.D.N.C.1996)("In an action under the ADA, a plaintiff's medical history is relevant in its entirety. . . . ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint."); Whitbeck v. Vital Signs, Inc., 163 F.R.D. 398 (D.D.C.1995).

Plaintiff also urges that Defendant has not shown good cause for the Independent Medical Examination, because the matters that would be learned in this particular examination would not be relevant. See Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). As to the issue of liability, Plaintiff makes this argument: Plaintiff was accepted for employment, subject to the taking of a physical examination; Plaintiff was examined by two doctors, and disclosed that he was epileptic; based upon their medical examination, the doctors concluded that there were limitations on Plaintiff's ability to work, including that he could not work around "unprotected dangerous equipment or unprotected heights" and that there should be "No Fork Lift Driving"; based upon the report of the doctors, Defendant withdrew its offer of employment. Plaintiff argues that the legal issue for the District Court on the issue of liability will be whether the decision not to hire Plaintiff was reasonably related to the limitations determined by the doctors who examined Plaintiff.

It would seem apparent that an IME conducted in 2002 would not have any bearing upon the liability issue as described by Plaintiff. Defendant has not offered evidence to show that it would. At oral argument, Defendant expressed the view that Plaintiff may contend in the future that Defendant should not have relied upon the opinions of the doctors at all, because they were not based on a sufficient examination, or in other respects were not valid medical opinions. Defendant's concerns in this respect are not well founded. Plaintiff may not take one position on the description of the issue of liability when it is before the Court in the context of a discovery motion, and then take a different position when the question is presented in a different context.

We have required Plaintiff to submit to an IME in this case, however, because it is to be expected that information will be learned which relates to the issue of damages, since Plaintiff's availability for work has a direct bearing on the question of back pay, "reinstatement" or front pay. There may also be an issue as to whether Plaintiff in fact suffered from any disability at the time of his application, based upon notations in medical records which suggest that Plaintiff may not have been forthright with doctors.

Plaintiff observes that the Notice of the Independent Medical Examination does not specify the precise sort of examination to be had. Should it prove necessary in the future, application may be made to this Court for a Protective Order, but based upon the record before us we are satisfied that the IME will proceed as an appropriate medical process, and we have therefore not imposed special limitations in our Order.

Rule 37(a)(4) of the Federal Rules of Civil Procedure requires the imposition of sanctions upon the losing party on a discovery motion unless the Court finds that the

opposition "was substantially justified, or that other circumstances make an award of expenses unjust". While it is true that Plaintiff's counsel did not respond to the direct authority on the issue of whether an ADA Plaintiff must provide medical discovery, the circumstances relating to the narrower question of liability in this case are sufficient to warrant denial of the Motion for Sanctions.

J.M.M